## SUPREME COURT

The People ex rel. WILLIAM A. SMITH agt. DANIEL B. HAS-
BROUCK, as chief of bureau of elections.

*Duties of inspectors of elections —Responsibility of chairman of board —
Decision as to withholding final certificate, in whom vested — Costs against
public officials.*

The decision as to withholding final certificate, under section 17 of the elec-
tion and registry law (*Laws of* 1872, *chap.* 675), is not absolutely vested
in the chief of the bureau of elections.

*It seems* that an inspector of election might be charged with remissness of
duty, for permitting an unauthorized outsider to be sworn in by the
chairman of the board of inspectors without objecting.

Where a public official, *i. e.*, the chief of the bureau of elections, has com-
mitted an error of judgment in refusing to give to the relator the final
certificate, as required by law, resulting in his being obliged to com-
mence proceedings to get his certificate and to employ counsel for that
purpose, costs should be allowed.

*First Department, General Term, January,* 1878.

APPEAL from an order made at special term directing the
issuance of a *mandamus*.

The relator was appointed one of the inspectors during the
election of 1876, in the twenty-third election district of the
eighth assembly district in the city of New York. After
acting for four days as such, and while acting as such on the
day of election, November 7, 1876, he caused one of his fel-
low inspectors, one Mullin, to be removed by the chief super-
visor of elections of said assembly district for tampering with
the ballots; a quorum of the board being present, the duties
were regularly discharged. Immediately preceding the

counting of the votes a detective from police head-quarters came to the polling place with one Krauss, and informed the chairman of the board that he had been sent from head-quarters to supply the vacancy caused by Mullin's arrest. Krauss was sworn in by the chairman of the board, and acted as an inspector during the counting of the votes. It appeared that Krauss never had been appointed as an inspector; he was arrested on a charge of felony, but his case, and that of Mullins, were dismissed. The chief of the bureau of elections refused to give the relator the final certificate required by law directing the comptroller of the city to pay him for his services. The relator obtained an order to show cause why a *mandamus* should not issue compelling the chief of the bureau of elections to give such final certificate. The motion was granted. The police board then appealed to the general term.

*Charles F. MacLean,* counsel to the board of police, made and argued the following points:

I. Permitting, or rather assisting, an unauthorized outsider to intrude into the office and functions of an inspector of elections, by an officer of the same rank — an officer, too, clothed with *quasi* constabulary and magisterial powers — was such a culpable want of diligence and neglect of duty as amounts to the lack of compliance with all the requirements of the law in anywise relating to his duties, which forbids the granting of the certificate, preliminary to payment (*sec.* 17, *chap.* 675, *Laws* 1872, *as amended by chap.* 823, *Laws* 1873).

II. The statute guards the ballot box with extreme anxiety. Provision is made for scrupulous custody of the registers, for a painstaking counting of the lists, public declarations of the returns, and many other matters of moment. To enforce these requirements certain corrupt and willful practices are made felonies and punishable as such. For other and less specific neglects of duty each inspector must, under the statute, forfeit the pay then due him. But the principal

guarantee for the conscientious execution of all those duties, is placed in the qualifications of the inspectors, for whose well-balanced selection and appointment jealous provision is had, and whose oath of office and warrant are strictly regulated.

III. If the court concludes that the faithful and accomplished chief of the bureau of elections judged his subordinates by a too zealous standard of duty, he should not be subjected to costs (*People ex rel. Cook* agt. *Board of Police*, 39 *N. Y.*, 506, 520).

*George F. & J. C. Julius Langbein*, made and argued the following points:

I. The relator fully complied with all the requirements of the law as an inspector of elections, and in no manner personally violated the same.

II. The swearing in of Krauss by the chairman of the board was at most a technical violation of his duty, for which the relator should not be made to suffer.

III. The chief of the bureau of elections having certified as required by law, that the relator properly discharged his official duties, has waived any defense he may have had, and is now estopped from saying that the relator "*has not, during the period of his service, fully complied with all the requirements of law in anywise relating to his duties,*" as required by section 17, chapter 675, Laws 1872, as amended by chapter 823, Laws 1873.

IV. The refusal by the chief of the bureau of elections to give the final certificate as required by law, was erroneous, and the law has not entirely vested such power in him.

BRADY, *J.* — The appellant thought the relator remiss in allowing a person who was brought to the poll by a public officer as a substitute inspector, or one named to fill a vacancy, to act as such without protest, when he did not exhibit the necessary appointment in writing from the commissioners of police. It is assumed that such was the reason of the refusal,

People *ex rel.* Smith agt. Hasbrouck.

none being assigned or shown. The appellant undertook the duty of determining for himself and the people, certainly for the latter, the right of the relator to his certificate, and his judgment was erroneous. There is no doubt that the appellant acted from good motives and under convictions of duty, but the law has not intrusted him with the decision of such matters absolutely, and he should have taken advice or placed the proper persons in possession of the facts which he thought prevented the relator from making a just claim. The result was that the relator was obliged to commence proceedings to get his certificate and to employ counsel for that purpose, and to the extent of the costs on the proceeding in the court below, he might, we think, have been indemnified, but the court, at special term, thought otherwise.

The relator, it must be said, cannot entirely be relieved from the charge of remissness of duty; the examination of the election laws would have revealed the preliminaries which must be observed for the appointment of an inspector of elections, and an inspector must be supposed to have some knowledge on the subject. If the relator had been the chairman of the board and had sworn in the new inspector the case would present a different aspect and a different result might have ensued.

It is for this reason, doubtless, that the costs of this proceeding were not imposed on the appellant in the court below, but we do not think that under the circumstances we can absolve the appellant from the payment of any costs on this appeal. The relator, however, having been heard on written points, we affirm the order, with ten dollars costs.

Order affirmed.

DAVIS, P. J., and DANIELS, J., concur.